GODFREY *vs.* HALL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

It is no bar to an action that another suit is pending between the same parties, and for the same cause of action in a sister or foreign state.

Testimony taken in a cause may be used by either party.

The answers of a party to interrogatories put to him by his opponent cannot be divided, and the latter has no right to read either of them if he object to the others being read.

This cause went off on certain bills of exceptions, which are fully set out in the opinion of the court, delivered by MARTIN, J.

The defendant and appellant has placed this case before us on four bills of exceptions.

The first is to the refusal of the judge to discharge the jury and to continue the cause, in order to enable the counsel to procure evidence which he was prevented from using on account of some informality in the execution of a commission which was discovered during the trial.

It is no bar to an action that another suit is pending between the same parties and for the same cause of action, in a sister or foreign state.

The evidence was wanted to support the plea of the pendency of an action between the same parties and for the same cause, in a court of one of the South American states. The evidence was of no use as the action was not pleadable in bar to the present. In the case of *Hone et al.* vs. *Vincent,* 6 *Martin, N. S.* 517, we affirmed the judgement of the Court of the First District, decreeing that that court was not prevented from proceeding in the case, because a suit was depending between the same parties and for the same cause of action, in one of the courts of the state of Alabama.

The next bill was to the opinion of the court overruling the objection of the defendant to the plaintiff's reading an interrogatory of the former to a witness, and the answer

thereto.  The reading was objected to on the ground that
the interrogatory and answer made part of a deposition taken
by the defendant, which was his own evidence, and he had
not used it, neither intended he to use it; that the plaintiff's
books afforded better evidence of the fact intended to be
proven by the testimony; that the interrogatory to the answer
offered to be read, had been elicited by an interrogatory of
the plaintiff, which had not, in the answer thereto, been read.

We think the court did not err.  Testimony duly taken
in a cause may be used by either party.  If the defendant
believed the interrogatory of the plaintiff and the answer
thereto could avail him, he certainly was at liberty to read
it; and as the plaintiff's books could not be read by himself,
the defendant could not prevent using other evidence to
establish facts of which it contained the evidence.

*Testimony taken in a cause may be used by either party.*

The third bill was to the court sustaining the plaintiff's
objection to the defendant reading one of the answers of the
former to interrogatories propounded to him, the plaintiff,
unless the whole of them were read.

We think the court did not err.  The answers of a party
to interrogatories put to him by his opponent cannot be
divided, and the latter has no right to read either of them,
if he object to the others being read.

*The answers of a party to interrogatories put to him by his opponent cannot be divided, and the latter has no right to read either of them, if he object to the others being read.*

The last bill relates to the rejection of evidence to support
the plea of the pendency of the action mentioned in the first
bill.  As the pendency of that suit was an immaterial cir-
cumstance in the present, the evidence was irrelevant.

On the merits the judgement of the District Court appear
perfectly correct.


It is, therefore, ordered, adjudged, and decreed, that it be
affirmed, with costs in both courts, and six per centum
damages for the frivolous appeal.


*Preston*, for appellant.   *Strawbridge*, for appellee.