EASTERN DIST.
*April,* 1836.

HAMPTON'S
HEIRS
*vs.*
BARRETT.

HAMPTON'S HEIRS *vs.* BARRETT.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The pendency of a suit in the United States District Court, to enforce a demand founded on a contract of sale, the validity of which is attacked, and its rescission sought, cannot be pleaded as an exception to another suit in the state court, between the same parties, for a similar demand, founded on the same contract of sale.

This is an action to recover two annual instalments of interest, amounting in all to twelve thousand dollars, which became due the 1st January, 1835-6, on the sum of one hundred thousand dollars, being the price of a sugar planta-tion and slaves sold by General Wade Hampton to one Le Roy Pope, payable in twenty years, and drawing an annual interest in the mean time. The plaintiffs allege they are the widow in community and heirs of the late General Hampton, and that the defendant, Thomas Barrett, has purchased the premises from Pope, and assumed the original obligations and payments, by which the latter was bound.

The defendant pleaded an exception to the plaintiffs' suit, in which he averred, that proceedings against him had been previously commenced by the ancestor of the plaintiffs, in his lifetime, in the United States District Court, for the Eastern District of Louisiana, for the two first instalments of interest due on the same debt, to which he had made a real and valid defence, which, suit was still pending, and that he could not be required to answer to the present action, and which he prayed might be dismissed.

General Hampton having died, and his heirs residing in this state, brought the present suit, for the next instalments of interest, which became due in the state court, in January, 1836.

The suit pending in the United States District Court, and pleaded as an exception to this, was commenced by General

EASTERN DIST.
April, 1836.

HAMPTON'S
HEIRS
vs.
BARRETT.

Hampton, in his lifetime, then a resident of South Carolina, on the 19th of April, 1834, claiming the two first instalments of interest, on the contract of sale in question.

The defendant, Barrett, in his answer, avers the land which was the object of the sale, did not belong to Hampton; that he (defendant) had been disturbed in his possession; suits had been commenced against him, from which he was in danger of eviction; that for want of title in the seller, the said sale is null and void, and should be rescinded.

Upon these pleadings and evidence the district judge sustained the exception, and dismissed the present suit. The plaintiffs appealed.

*Preston*, for the plaintiffs.

*Peirce*, contra.

*Martin, J.*, delivered the opinion of the court.

In this case the plaintiffs claim the amount of two years' interest, on the price of a plantation and slaves, which their ancestor, in his lifetime, sold to the defendant's vendor, on a credit of twenty years, with interest thereon, payable annually.

The defendant resisted the demand, and prayed for, and obtained a dismissal of the plaintiffs' action, on the allegation and proof that the ancestor of the plaintiffs had, before his death, instituted suit against him for the first year's interest due on said sale, in the District Court of the United States for the Eastern District of Louisiana, in which he had made a good and valid defence: "that this suit was yet pending and undecided, and he could not, in the meantime, be prosecuted for arrears of interest, afterwards becoming due, or accruing on said price or purchase, until a decision is had in the first case."

The defence was pleaded by way of exception to the present action; and the District Court sustained the exception, and dismissed the suit. The plaintiffs have appealed to this court.

43

EASTERN DIST.
April, 1836.

HAMPTON'S
HEIRS
vs.
BARRETT.

We are called upon to notice the fact, that our learned brother (Watts) in the District Court, has overruled a constitutional injunction, and we are quite in the dark as to the grounds of his judgment.

The counsel for the defendant stated in this court, that the interests of his client did not require any observation from him.

The pendency of a suit in the United States District Court, to enforce a demand founded on a contract of sale, the validity of which is attacked, and its rescission sought, cannot be pleaded as an exception to another suit in the state court, between the same parties, for a similar demand, founded on the same contract of sale.

The plaintiffs have an indubitable right of action for the other instalments, or years' interest now due, and which are the object of the present suit. This right of action cannot be exercised in the United States District Court, in which the ancestor of the plaintiffs instituted suit for the first instalments, or years' interest, when they became due, because of the change of residence of the parties. It is true, the present defendant put at issue, in the United States District Court, in the first suit, the right of the vendor, or ancestor, represented by the present plaintiffs, to recover on the consideration of the sale. This sale was alleged to be null and void, and asked to be rescinded. The allegation there made, was that the vendor, or ancestor of the present plaintiffs, was without title to the thing sold.

The suit in the United States District Court, is still pending, undecided and not even yet tried. Until the defendant shall have pleaded in the present suit, it cannot be assumed, although it is not improbable, that the same issue will be presented, as in that case. But even admitting what it is premature to decide, that the circumstance of this case, presenting an issue between the same parties, and pending at the same time in another court, would suspend the action of the state court, the plaintiffs have a right, nevertheless, to institute this suit and proceed therein, until the issue was made up; nay afterwards, to prepare the case for trial, and as soon as a decision in the former court would allow them, to proceed to trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and

reversed, the cause re-instated, the defendant's exceptions overruled, and the case remanded for further proceedings, the defendant and appellee paying the costs of the appeal.