### SUCCESSION OF AUGUSTUS LUDEWIG—MARIE B. LUDEWIG, Appellant.

Under art. 335 of the Code of Practice, the exception of *litispendéncia*, must show the pendency of another suit, between the same parties, for the same object, and growing out of the same causes of action, before another court of concurrent jurisdiction.

Courts of Probate have exclusive jurisdiction of claims for money against successions administered by curators, executors, &c.; and all suits for money, pending before the ordinary tribunals, against one who dies leaving a vacant succession, must be transferred to the Court of Probates of the place where his succession is opened.

APPEAL from the Court of Probates of Ouachita, *Lamy*, J.

*McGuire*, for the appellant.

*Copley*, contra.

MORPHY, J. Marie Barbe Ludewig, having sued her husband, Augustus Ludewig, in the District Court for a separation of property and for the restitution of her dotal and paraphernal effects, Bernard Hemken intervened in the suit for the preservation of his rights as a creditor of the husband, alleging fraud and collusion between the parties, and praying judgment for the amount of his debt. Augustus Ludewig died shortly after, and his wife was appointed curatrix to his vacant estate. Hemken presented his claim to her against the deceased, which she neglected or refused to acknowledge, and he has brought the present action to establish it as a just debt against the succession, and to cause it to be paid in due course of administration. Judgment having been rendered accordingly, the curatrix has appealed.

There is no dispute as to the appellee's claim, which is proved

by notes and due bills, the execution of which was admitted on the trial below ; but it has been contended that, inasmuch as Hemken had commenced in the District Court a suit for the same debt which was yet pending, he could not maintain the present action. This position is altogether untenable. The plea of *litispendéncia* must show the pendency of another suit between the same parties, for the same object, and growing out of the same cause of action, before another court of *concurrent jurisdiction*. Code of Prac. art. 335. It is clear that by the death of Augustus Ludewig the main object of the suit brought against him by his wife was accomplished, as it dissolved the community existing between them. If she is entitled to a liquidation of her claims against her husband, it is on a different ground than that relied on in her suit, which must necessarily abate, and, with it, the intervention of Hemken. The latter took the only course he could legally pursue, which was to present his claim to the legal representative of the estate, and upon her refusal to acknowledge it, to bring suit to have it admitted and ranked among the debts of the succession. Code of Prac. arts. 984, 985, 986. The Courts of Probate have exclusive jurisdiction to decide on claims for money against successions administered by curators, executors, &c., and all suits pending before the ordinary courts for sums of money against a person who dies leaving a vacant succession, must be transferred and prosecuted before the Probate Judge of the place where the succession is opened. Code of Prac. arts. 924, 983. Civ. Code, art. 1105. 11 La. p. 360.

*Judgment affirmed.*