BISCHOFF
v.
THEURER.

---

## SAME CASE ON A REHEARING.

*Schmidt,* for plaintiff, filed the following argument for a rehearing :

The facts of the case show : That the petition of *Theurer* against his wife, mother-in-law, *Dufour, Durand & Co.* and *Bischoff,* was filed in the Second District Court of New Orleans, the day preceding the plaintiff's filing of his petition in the Fifth ; but that the copy of that petition and citation did not issue till the day after the issuing of plaintiff's petition and citation.

It may therefore be well contended, that plaintiff's suit was first in order of date since citation is the judicial action of the tribunal, and until it issues, there is no evidence that the Court intends to entertain the cause. *Citation* is in all cases the judicial commencement of a suit, and the mere filing of a petition has never been considered as such, inasmuch as the latter is the mere act of the party, while the former is the act of the Court, giving its official sanction to the act of a private individual. This principle is elementary and recognized in all systems of pleading.

Let us, however, suppose for argument's sake, that this principle has been discarded in Louisiana, and look to its Code of Practice as our guide, and we will there, I think, find principles of law laid down for the government of cases of this kind, equally plain, and which have been disregarded, or misunderstood in this instance.

The plea of *lis pendens* is a declinatory exception ; and exceptions of this kind, which retard the trial of the merits of a cause, are never favored in law. They are therefore to be judged of strictly, and unless they conform in every respect to the letter of the law, they will not be listened to.

To maintain the plea of *lis pendens,* the following circumstance must concur, viz :

There must be another suit *pending ;*
1st. between the same parties ;
2d. for the same object, and growing out of the same cause of action, and
3d. before a Court of concurrent jurisdiction.

But in this suit, I have already shown that the suit of *Theurer* cannot be considered as *pending* when the present suit was brought, as no citation had issued. But be this as it may ; the suit of *Theurer* v. *his wife and others* was not a suit between *the same parties,* and no decision of any tribunal can make it so.

17

In the next place, the cause of action was not the same, unless a suit for the payment of negotiable notes be identical with one for divorce, &c., which will hardly be contended.

The above facts show conclusively, *that the judgment of the Court is contrary to law.*

I now proceed to prove it contrary *to principle.*

The objects which all systems of pleading aim to attain, are two-fold, viz :

1st. The reduction of the controversy to a few single facts ;

2d. The saving of time and expense to the parties litigant. See Carré, Boncenne, Stephens, Lawes, Story, etc., passim.

Hence, every effort of a defendant to retard the final decision of a cause is looked upon unfavorably.

In this cause this principle is recognized and invoked, although in practice entirely disregarded ; for it is obvious, that by sending us to the Second District Court to await the trial of a complicated controversy involving questions of adultery, &c., we are dependent on our co-defendants, and the final decision of the cause much protracted, while the contrary would be the case, if sent to the Fifth District Court. Besides, we have a right to have this cause tried summarily, and without the intervention of a jury, of which privilege we are also deprived, contrary, as we believe, to the spirit and intention of the law.

Having thus shown the judgment *contrary to law* and *erroneous in principle,* I now proceed to show that it is against *all precedent.*

This plea of *lis pendens* was known to the Roman law, and exists in France, and from the systems of jurisprudence in Rome and France, we may obtain some aid in its correct application. In refering to these sources, the Court will find, that it is not the mere filing of a petition which constitutes the *lis pendens,* for Voet says : " *Capta autem esse, atque ita pendere lis alibi censetur, non modo si litis constestatio jam facta sit, sed sola citatio, sen in jus vocatio.*" *Ad Pandectas,* book 44, tit. 2, No. 7. See also Boncenne, vol. 2, p. 64.

In France, the same question has been frequently decided, and the Court of Cassation of France, in the case of *Guillot* v. *Reculot,* determined 1st July, 1817, that, "*Il n'y aurait pas litis pendance si les affaires pendantes devant divers tribunaux, &c., ne présentaient pas identiquement les mêmes difficultés.*"— Journal du Palais, vol. 14, p. 320.

In the case of *Hampton* v. *Barrett,* 9 L. 338, 12 L. 159, the Supreme Court held, " that the pendency of a suit for one installment in a Court of concurrent jurisdiction, in which it was sought to rescind the sale, and consequently annul all claim for another installment, could not debar plaintiff from suing in another Court for the second installment.

The above reasons and authorities justify, in the opinion of the undersigned, the application for a rehearing, since they show, that the judgment is contrary to law, principle and precedent.

*Dufour,* for defendant. There has never been any question as to the service of the citations in both cases. There was such a difference in point of dates, that no question could be raised thereon with propriety.

I regret that professional gentlemen should labor to mislead the Court on this simple point of fact.

The annexed certificate of the clerk of the Second District Court shows :

1st. That the defendant's petition in suit No. 5201, was filed on 5th April, 1852 ;

2d. That the citations were issued on the 7th April, 1852, received by the Sheriff on *same day,* and served on SAME DAY upon *Bischoff* and the other defendants ;

3d. That the writ of injunction was also served on the *same day,* viz : 7th April, upon *Bischoff* in person.

On the other hand, the record in the present case shows that *Bischoff's* petition was filed on the 6th April, 1852, that is to say, *one day after* the defendant's petition in the Second District Court.

And further, that the citation was served on *Theurer* on the 10th of April, 1852, that is to say, THREE DAYS after service in the case already pending in the Second District Court.

After this authentic statement of facts, the Court will surely stare at the boldness of the asseverations made in the name of *Bischoff.*

The Court is, in conclusion, respectfully informed that the case pending in the

3

Second District Court, is ready for trial; but the Judge has signified his desire to await for the final action of this Court in the present case, before taking it up for trial.

EUSTIS, C. J. It is ordered, adjudged and decreed that the judgment rendered by this Court, on the 6th December last, be maintained.