## WILHELMUS BOGART *v.* JEAN BTE. RILS.

*An action for the recovery of land will not bar the plaintiff from suing out an injunction against defendant's committing waste, nor deprive him of his right to sequester timber cut from the land.*

APPEAL from the District Court, Sixth District, Parish of Iberville. *Burk,* J. *Edwards,* for plaintiff and appellant. *Talbot,* for defendant.

DUNBAR, J. A petitory action for the recovery of a tract of land adjacent to the Mississippi, was instituted in 1846, by one *Blanks* against one *Marionneaux* and others. All the defendants in that action except *Marionneaux,* adjusted their difficulties with the plaintiff, so that the suit exists really only between them. That suit is still pending in the same court from whence the present appeal has been taken. In 1850, *Blanks* and *Marionneaux* sold their respective claims to the present plaintiff and defendant. This action, instituted in 1852, was for the purpose of enjoining the defendant, *Rils,* from committing waste on the land in controversy during the pendency of the suit, and obtaining a sequestration of some timber that defendant had already cut down thereon, and was about to carry off. The injunction and sequestration issued agreeably to the prayer of the petitioner, who in his petition makes especial reference to the pending suit between *Blanks* and *Marionneaux.* The defendant, *Rils,* excepted to answering the plaintiff's petition, and prayed that it might be dismissed, "as another suit for the same cause of action was pending." The District Judge sustained the exception, from which opinion the present appeal has been taken.

It will simplify this case to consider it as one between the original contestants, *Blanks* and *Marionneaux,* and in doing so, (which is most favorable to the defendant,) we are of the opinion that, during the pendency of the suit, plaintiff had a right to the conservatory remedies asked for; indeed, from the nature of the sequestration it could only arise during the pendency of the suit. It is not, strictly speaking, a new action; rather a branch of the old, and ought to have been cumulated with it. The class of exception which prohibits two suits being brought before *different* tribunals for the same cause of action, the parties being the same, (see C. P. art. 335, sec. 2,) was obviously framed to shield defendants from the harassing effects of a multiplicity of suits before different tribunals, for the same cause of action, by the same plaintiffs. But we cannot understand it to mean that a party is precluded from filing an additional, or supplemental petition, necessary, as in this case, for the preservation of what he may deem his rights, during the pendency of the original action, and to which he is forced by the act of the defendant himself. The petition in the present case, to be sure, does not pray that it may be cumulated with the prior suit; but that, we consider, does not impair the right of the plaintiff to have the conservatory order granted, and damages allowed. Upon due proof the Court might, *ex officio,* have ordered the two to be cumulated, according as it might have served to the despatch of business, without prejudice to the interests of the parties litigant, and we shall leave that to its discretion.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be annulled, avoided and reversed; the exception filed by defendant be overruled, and the cause remanded for further proceedings—according to law, the appellee paying costs of the appeal.