O’NIELL, J.
Plaintiff appeals from a judgment maintaining a plea of lis pendens and therefore dismissing her suit. Defendant has filed in this court an exception of no cause or right of action, which had been filed in the district court and was allowed to be withdrawn without prejudice to the exceptor’s right to renew the plea.
The object or purpose of the suit is to recover from defendant certain jewelry, alleged to be the separate property of plaintiff and alleged to have been pledged to secure and guarantee the payment of an- obligation of her husband. Plaintiff prays, in the alternative, for a judgment for $3,500, the alleged value of the jewelry, in the event of defendant’s failure to return it.
The suit on which the plea of lis pendens was founded was a proceeding instituted by the present defendant, Gladney, by bill of complaint in the chancery court of Harrison county, in the state of Mississippi, to have the jewelry condemned to be sold, and to have a lien fixed and enforced thereon, to pay an alleged balance of $615.27 due on the debt for which the jewelry was pledged. It was alleged in the bill of compaint that Mrs. Lorio claimed to be the owner of the jewelry and had delivered it to the pledgee; and that, therefore, in the event that the jewelry should sell for more than the amount due the complainant, Mrs. Lorio would be entitled to the surplus after paying the debt secured by lien and all costs. Hence it was alleged in the bill that the complainant was advised and believed that Mrs. Lorio was a necessary party to the proceeding to foreclose the lien. It was further alleged that Mr. and Mrs. Lorio were both residents of New Orleans, La., and should be cited by publication according to the law of Mississippi. The only citation of either Mr. or Mrs. Lorio was by substituted process, by publication in a newspaper published in Gulfport, Harrison county, Miss. Neither of the defendants appeared in the chancery court of Harrison county, Miss., or took any notice of the citation.
It is admitted that Mr. Gladney and Mr. and Mrs. Lorio are, and were when the contract of pledge was made, residents of the city of New Orleans, where the contract was made and signed; and that thereafter Mr. Gladney took the pledged jewelry into Harrison county, in the state of Mississippi.
[1] According to article 335 of the Code of Practice, the essential condition under *933 •which alone a plea of lis pendens will prevail is that another suit is pending between the same parties, for the same object, and -growing out of the same cause of action, before another court of concurrent jurisdiction.
[2, 3] Conceding that the proceeding in the chancery court in Mississippi is between the parties to the present suit, it is not for the same object and does not grow out of the same cause of action. The proceeding in the Mississippi court is only an action in rem, which could not result in a valid personal judgment against either Mr. or Mrs. Lorio. The object of the suit before us is to establish Mrs. Lorio’s alleged ownership of the jewelry, or, in the alternative, to obtain a personal judgment against Mr. Gladney for its value. The question presented in this suit is whether Mrs. Lorio could obligate herself as surety for the debt of her husband or validly hypothecate her separate property to secure his debt. The question of the capacity of a married woman, domiciled in Louisiana, to bind herself or her personal property by contract must be determined by the law of this state. Robert v. Wilkinson, 5 La. Ann. 372; Augusta Insurance Co. v. Morton, 3 La. Ann. 417; Hyman v. Schlenker, 44 La. Ann. 108, 10 South. 623; Baer Brothers v. Terry, 105 La. 479, 29 South. 886; Id., 108 La. 598, 32 South. 353, 99 Am. St. Rep. 394; Marks v. Germania Savings Bank, 110 La. 659, 34 South. 725; First National Bank v. Hinton, 123 La. 1018, 49 South. 692; National City Bank v. Barringer, 143 La. 14, 78 South. 134.
Conceding that the chancery court of Harrison county, Miss., had jurisdiction to enforce a lien upon the jewelry, the issue now presented in this case was not, and could not have been, -without Mr. and Mrs. Lorio’s voluntary appearance in the chancery court of Harrison county, Miss., tendered for decision in the proceeding instituted by the present defendant in that court.
[4] It has been decided, several times, that the expression in article 335 of the Code of Practice, “before another court of concurrent jurisdiction,” is applicable only to a Louisiana court, not to a court of any other state. Stone v. Vincent, 6 Mart. (N. S.) 517; Goafrey v. Hall, 4 La. 158; Peyroux v. Dafis, 17 La. 479—all of which decisions were referred to with approval in Saint v. Martel, 126 La. 245, 52 South. 474.
Inasmuch as a judgment declaring that Mrs. Lorio had capacity to bind herself and to pledge her personal property to secure a debt of her husband would be a personal judgment against her, it cannot be said that the chancery court of Harrison county, Miss., has jurisdiction of that question, without a voluntary appearance by Mrs. Lorio in that court. It is certain that a judgment rendered by default against Mrs. Lorio, in the proceeding instituted by Gladney in the chancery court of Harrison county, Miss., declaring that she had the capacity to bind herself and her separate property for her husband’s debt, would not be a valid judgment against her.
Our conclusion, therefore, is that the plea of lis pendens should have been overruled.
[5] The exception of no cause or right of action is founded upon defendant’s interpretation of Act 94 of 1916, viz.:
“An act to define the personal capacity of married -women in this state to contract and bind and obligate themselves personally and with reference to their separate and paraphernal property, and to appear in court, and to sue and be sued.
“Section 1. Be it enacted by the General Assembly of the' State of Louisiana, that a married woman of this state shall be competent to contract and bind and obligate herself personally and with reference to her separate and paraphernal property, and to appear in court and to sue and be sued to the same extent and in the same manner as though she were a feme sole; provided, that nothing herein contained shall be deemed or construed to affect in any way the statutes of this state establishing and regulating . the matrimonial community of acquets and gains and prescribing *935 what shall be deemed community and what be deemed separate property of the spouses.
“Sec. 2. Be it further enacted, etc., that all laws or parts of laws in conflict herewith be and the same are hereby repealed.”
Defendant’s contention is that the statute has repealed the provisions of the Civil Code declaring a married woman Incapable of binding herself for her husband, or conjointly with him, for debts contracted by him before or during the marriage, and declaring the wife incapable of mortgaging or pledging her separate estate for a debt of her husband or of the marital community.
Our opinion, to the contrary, is that the purpose and effect of the statute of 1916 was merely to permit a married woman to do, without the authorization of her husband, what she was theretofore capable of doing only with his authorization. There was no intention of abrogating, and the statute has not abrogated, the relative incapacity of a married woman in dealings with her husband. The statute merely permits a married woman to bind and obligate herself personally, and to hypothecate or dispose of her separate property, and to sue and be sued, without being specially authorized by her husband. The expression, “to the same extent and in the same manrier as though she were a feme sole,” might as well have been written “without ‘being specially authorized by her husband.” To say that a married woman may now bind herself or pledge her paraphernal property for her husband’s debt, “to the same extent and in the same manner as though she were a feme sole,” would be absurd; because a feme sole has no husband nor paraphernal property; and therefore the extent or measure of her capacity in that respect amounts to nothing. It would be equally absurd to say that a married woman may now sue her husband or be sued by him for any cause of action, the same as if she were a feme sole. The expression, therefore, “to the same extent and in the same manner as though she were a feme sole,” is not consonant with the idea that the Legislature intended to abolish the relative incapacities of a married woman, with reference to her binding herself or her separate property for her husband’s debt, or contracting with her husband, or suing him or being sued by him, except for the few causes expressly permitted.
The exception of no cause or right of action is therefore overruled.
The judgment appealed from is annulled, and it is ordered that this case be remanded to the civil district court for further proceedings not inconsistent with the foregoing opinion.
MONROE, O. J., .dissents.