69 So.2d 636 (1954)
FEDERAL INS. CO.
v.
T. L. JAMES & CO., Inc. et al.
No. 19821.
Court of Appeal of Louisiana, Orleans.
January 18, 1954.
*637 Bienvenu & Culver, H. F. Foster, III, New Orleans, for plaintiff-appellant.
Lemle & Kelleher, Edward S. Bagley, New Orleans, for Aviation Board of City of New Orleans, City of New Orleans, and Indemnity Ins. Co. of North America, defendants-appellees.
Curtis, Foster & Dillon, New Orleans, for T. L. James & Co., Inc., and National Surety Corp., defendants-appellees.
McBRIDE, Judge.
On joint motion of all parties this case was consolidated "for the purpose of appeal" with Reynolds Metal Co. v. T. L. James & Co., Inc., 69 So.2d 630. Federal Insurance Company alleges that it was the insurer of the Beach Craft airplane of Reynolds Metal Company, which was damaged on December 10, 1948, at the Moisant International Airport, and that under its contract of insurance it paid Reynolds Metal Company, $1,157.89 "and thereupon became subrogated to its rights." As subrogee, plaintiff seeks to recover the said amount from the same defendants sued by Reynolds Metal Company. The petition alleges the identical facts with respect to the damage to the airplane as were set forth by Reynolds Metal Company in its suit. The concluding paragraph of the petition avers:
"That suit was instituted by said Reynolds Metal Company against defendants under docket No. 22768 of this Honorable Court in an attempt to collect the amount of the damages to the airplane; that said suit was instituted by said Reynolds Metal Company at the direction of petitioner and for its use and benefit."
The Aviation Board of the City of New Orleans, City of New Orleans, Indemnity Insurance Company of North America, and National Surety Corporation interposed exceptions of vagueness, prescription of one year, and no right or cause of action. The first three named defendants also filed the exception of res judicata.
After a hearing on the exceptions, the judge below by several judgments maintained all of them, except that of vagueness, and dismissed the suit. Plaintiff has appealed devolutively from the judgments.
The exception of vagueness was not passed upon below and has not been reurged before us. We consider the exception as having been abandoned.
There is no merit to the exception of no right of action and it should have been overruled.
The exception of no cause of action is founded on the insufficiency of allegations in the petition. While the exception was correctly maintained, it should have been treated as though it were an exception of vagueness, and the judge should have permitted plaintiff to amend its demand so as to supply all essential allegations setting forth the negligence of the defendants. We say this for the reasons set forth in our opinion in the case of Reynolds Metal Co. v. T. L. James & Co., Inc.
The exception of res judicata is untenable and should have been overruled. The exception was maintained because the prior suit brought by Reynolds Metal Company had been dismissed on the exceptions therein interposed and no appeal had then been taken by Reynolds Metal Company from the judgments. The trial court never decided any of the points in controversy in the Reynolds Metal Company case as there was no hearing on the merits. A judgment maintaining an exception of no cause or right of action based on the insufficiency of allegations cannot form the basis of a plea of res judicata. Pannagl v. Stouder, La.App., 34 So.2d 344, and cited cases.
*638 With respect to the plea of prescription of one year a novel situation exists. Although Federal Insurance Company alleges that it directed Reynolds Metal Company to bring the first suit "for its use and benefit," it now seeks by the second suit to recover the same amount from defendants as Reynolds Metal Company's subrogee. The second suit was filed December 8, 1949, a few days before the expiration of one year from the date the airplane is alleged to have been damaged. Service of citation was made only on National Surety Corporation and Indemnity Insurance Company of North America through the Secretary of State. These citations each bear the date of July 25, 1950, and the Sheriff's returns show service on July 27, 1950. Normally the filing of a suit will interrupt all prescriptions affecting the cause of action therein sued upon. Act No. 39 of 1932, LSA-R.S. 9:5801. But, argue counsel for exceptors, said statutory provision cannot be applied in the instant case because, as the record shows, the attorneys for Federal Insurance Company instructed the Clerk of Court when the petition was filed not to issue citations until further ordered by them, and the suit remained dormant until July 25, 1950, when the Clerk was directed to issue the citations. Thus, more than one year elapsed between the date the airplane is alleged to have sustained the damage and the date on which service was made on the defendants. As authority for their position exceptors cite Canada v. Frost Lumber Industries, Inc., La.App., 1942, 9 So.2d 338, 340, wherein it was said:
"`The law contemplates that when a pleading is filed in the clerk's office, it becomes an office paper of the court in which it is filed, and the party filing it loses control over it in so far as the regular procedure usually pursued in such a case is concerned. A paper filed in the clerk's office must be allowed to follow, without interference from the parties, the usual course of legal procedure, and a party who interferes does so at his peril. If he prevents that being done which is usual and proper, he cannot thereafter claim a benefit which would only accrue if regularity had been observed. A plaintiff cannot hand a petition to the clerk, with instructions to make an entry of filing on it, and then withhold it from service until further instructions, and afterwards contend that the petition was actually filed when the entry of filing was made. By such conduct he ties the hands of the clerk, makes him merely his agent, deprives him of all official relation to him and the transaction, and official relations do not arise until he removes the bonds. A petition, to be filed, must be lodged with the clerk, with the understanding that the usual procedure is to be followed; that is, process issued and service perfected. The defendant has no legal notice of the suit until served with a copy of the petition and process, and, to make such notice relate back to the time of the commencement of the action, the plaintiff must really commence his action, without any reservation as to the time when service shall be perfected. The filing of the petition must be unequivocal and bona fide, and it must not be lodged with the clerk, to be held by him until the plaintiff determines whether he really intends to sue or not. A suit, with the right reserved in the plaintiff to say whether it shall really become a suit, is a legal paradox, and one for which we are satisfied there is no authority of law.'"
We do not think the plea of prescription should have been maintained. It occurs to us that if Reynolds Metal Company filed the first suit as agent of Federal Insurance Company, service of citations therein, which was made in August of 1949, was itself an interruption of prescription, and the citations in the second suit were served within a year from that date. Prescription is interrupted by a judicial demand, and such an interruption works a suspension of prescription during the pendency of the suit. When thus interrupted the full time for the prescription must be reckoned from the cessation of the interruption. See Spring *639 v. Barr, 9 La.App. 732, 120 So. 256, and the authorities there cited.
The situation then amounts to this: Two suits are pending against the same defendants in the same court on the same cause of action and for the identical amount, one brought by the agent of Federal Insurance Company and one by the Federal Insurance Company in its own name. There is no law of which we are cognizant which forbids a plaintiff to institute two suits against the same defendant on the same cause of action in the same court. A plea of lis pendens, which incidentally was not filed, would not have sufficed to terminate or retard the second suit. The jurisprudence is to the effect that a plea of lis pendens under C.P. art. 335 has no basis to rest on when predicated upon the pendency of a suit in the same court as that in which it is pleaded. Saint v. Martel, 126 La. 245, 52 So. 474; Weems v. Moise, 3 La.App. 224. In the former case the Supreme Court said [126 La. 245, 52 So. 476]:
"If it had been the intention to legislate against the bringing of such suits in the same court, it is not to be supposed that language would have been used which, ex vi termini, limits the prohibition to the bringing of them in `separate courts,' and which declares that one may except to the jurisdiction of a court when he has already been sued by the same plaintiff for the same thing on the same cause of action in `another court of concurrent jurisdiction,' but does not declare that he may plead such exception when so sued in the same court in which the first suit was brought. The distinction is obvious and the reason for it is not less so; for, if a multiplicity of suits by and against the same person arising from the same cause of action, and for the same thing, could be brought in as many different courts, the defendant would be unnecessarily harassed, and there would result a multiplicity of judgments, which might either conflict with each other, or, each being for the same thing, lead to confusion, and, perhaps, injustice in their execution; whereas, such suits brought in the same court may be cumulated, but, even if that be not done, it is not likely that the same judge will make rulings which conflict with each other, or that he will twice condemn a litigant for the same thing. * * *"
In Bogart v. Rils, 8 La.Ann. 55, a judgment maintaining a plea of lis pendens against the second of two suits on the same cause of action in the same court was reversed on appeal. In remanding the case the Court said:
"* * * Upon due proof the Court might, ex officio, have ordered the two to be cumulated, according as it might have served to the dispatch of business, without prejudice to the interests of the parties litigant, and we shall leave that to its discretion."
Under the peculiar circumstances presented by the two appeals we think that the suits should be cumulated in the court below in order that the court might determine the interest of each of the plaintiffs in the claim asserted if judgment is to be rendered against the defendants.
It is therefore ordered, adjudged and decreed that the judgments appealed from, insofar as they maintain the exceptions of prescription, no right of action, and res judicata be reversed and said exceptions are overruled; the judgments insofar as they maintain the exception of no cause of action are affirmed, and the cause is remanded to the district court in order to permit the plaintiff to amend its petition, the amendment to be made within fifteen days from the finality of this decree, and thereafter the matter is to be proceeded with according to law.
Reversed in part, affirmed in part and remanded.