360 So.2d 902 (1978)
MARTIN EXPLORATION COMPANY
v.
JOLI SERVICES, INC.
No. 9228.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Liskow & Lewis, Stephen T. Victory and George J. Domas, New Orleans, for plaintiff-appellee.
Chaffe, McCall, Phillips, Toler & Sarpy, Peter Frank Liberto, New Orleans, for defendant-appellant.
Before SAMUEL, REDMANN and STOULIG, JJ.
SAMUEL, Judge.
Plaintiff, Martin Exploration Company, filed suit against defendant, Joli Services, Inc., to recover damages for breach of an agreement to pay a proportionate share of the cost of drilling an oil well in Terrebonne Parish, Louisiana.
Several pleadings and exceptions were filed which have no bearing on the issue now before the court. Eventually, defendant filed an amended answer and reconventional demand against plaintiff alleging two causes of action. In the reconventional demand defendant alleged it acted with regard to plaintiff as agent or nominee for two individuals, Whipple and Simmons, but alternatively asserted the reconventional demand in its own right if it could not assert them as agent.
Simultaneous with the filing of the reconventional demand, Whipple and Simmons filed a petition of intervention which contained *903 the two causes of action set forth in defendant's reconventional demand and a third distinct cause of action. In the intervention, interveners admitted that two of the causes of action set forth in the intervention were identical to the causes of action set forth by defendant in its reconventional demand.
In response to the intervention, plaintiff filed an exception of lis pendens against the first two causes of action and an exception of no cause of action against the third cause of action. In response to defendant's reconventional demand, plaintiff filed exceptions of lis pendens and lack of procedural capacity.
After a hearing, the trial court overruled the exceptions of no cause of action and lis pendens filed against the intervention, but sustained the exception of lis pendens directed against defendant's reconventional demand and dismissed that demand. The defendant, Joli Services, Inc., has appealed from that judgment.
The record does not indicate whether the reconventional demand or the intervention was filed first. The court stated that while Article 531 of the Code of Civil Procedure requires dismissal of all but the first suit, the lack of evidence regarding which demand was filed first required him to use his discretion in making a dismissal. He dismissed the reconventional demand because it was filed by defendant as agent for interveners, and the two causes of action set forth in the reconventional demand were also set forth in the intervention. Consequently, the trial judge concluded no harm or prejudice would be incurred by any party by his acting in this manner.
We conclude the trial judge acted incorrectly in maintaining plaintiff's exception of lis pendens. Code of Civil Procedure Article 531 provides:
"When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all." LSA-C.C.P. Art. 531.
This article is clear in its requirement that two or more "suits" be pending in one or more Louisiana courts for lis pendens to be applicable.[1] The parties do not cite, nor were we able to locate, any case which allowed an exception of lis pendens to defeat an action brought in the same suit before the same judge on identical or similar causes of action.
As originally drafted, the Code of Practice of 1870 forbid bringing the same suit in different courts, but allowed bringing the same suit in the same court. Code of Practice Article 94 provided "The same cause cannot be brought before two separate courts . . . ."[2] Code of Practice Article 335, consistently supplemented Article 94 by allowing a declinatory exception to a suit when "it arises from the fact of another suit being pending, between the same parties, for the same object, and growing out of the same cause of action, before another court of concurrent jurisdiction." Article 94 was amended by Act 62 of 1918 to provide that the "same cause cannot be brought before the same or separate courts,. . . ." Article 335 was never amended and was generally followed by the courts of this state.
A case germane to the one before us is Federal Ins. Co. v. T. L. James & Co., [3] which was decided under Article 335. In that case, Reynolds Metal Company filed suit against T. L. James & Company for damages to an airplane it owned. In a subsequent suit Federal Insurance Company *904 also filed suit against T. L. James & Company as insurer and subrogee of Reynolds for the same damages to the same airplane, alleging Reynolds acted at plaintiff's direction and for its use and benefit in filing the first suit. During the course of the opinion, this court made the following statements:
"The situation then amounts to this: Two suits are pending against the same defendants in the same court on the same cause of action and for the identical amount, one brought by the agent of Federal Insurance Company and one by the Federal Insurance Company in its own name. There is no law of which we are cognizant which forbids a plaintiff to institute two suits against the same defendant on the same cause of action in the same court. A plea of lis pendens which incidentally was not filed, would not have sufficed to terminate or retard the second suit. The jurisprudence is to the effect that a plea of lis pendens under C.P. art. 335 has no basis to rest on when predicated upon the pendency of a suit in the same court as that in which it is pleaded. Saint v. Martel, 126 La. 245, 52 So. 474; Weems v. Moise, 3 La.App. 224. In the former case the Supreme Court said [126 La. 245, 52 So. 476]:
"If it had been the intention to legislate against the bringing of such suits in the same court, it is not to be supposed that language would have been used which, ex vi termini, limits the prohibition to the bringing of them in `separate courts,' and which declares that one may except to the jurisdiction of a court when he has already been sued by the same plaintiff for the same thing on the same cause of action in `another court of concurrent jurisdiction,' but does not declare that he may plead such exception when so sued in the same court in which the first suit was brought. The distinction is obvious and the reason for it is not less so; for, if a multiplicity of suits by and against the same person arising from the same cause of action and for the same thing, could be brought in as many different courts, the defendant would be unnecessarily harassed, and there would result a multiplicity of judgments, which might either conflict with each other, or, each being for the same thing, lead to confusion, and, perhaps, injustice in their execution; whereas, such suits brought in the same court may be cumulated, but, even if that be not done, it is not likely that the same judge will make rulings which conflict with each other, or that he will twice condemn a litigant for the same thing. * * *'
In Bogart v. Rils, 8 La.Ann. 55, a judgment maintaining a plea of lis pendens against the second of two suits on the same cause of action in the same court was reversed on appeal. In remanding the case the Court said:
`* * * Upon due proof the Court might, ex officio, have ordered the two to be cumulated, according as it might have served to the dispatch of business, without prejudice to the interests of the parties litigant, and we shall leave that to its discretion.'
Under the peculiar circumstances presented by the two appeals we think that the suits should be cumulated in the court below in order that the court might determine the interest of each of the plaintiffs in the claim asserted if judgment is to be rendered against the defendants."
Although the above quoted statements cannot be controlling in this case because that case was decided under another codal provision, it nevertheless appears the same reasoning applies to the case before us. Code of Civil Procedure Article 531 allows an exception of lis pendens when two or more "suits" are pending in a Louisiana court or courts. We conclude the legislature intended to substitute the word "suit" for the words "cause of action" in the Code of Practice for several reasons. Immediately preceding the lis pendens provision in Article 531 are the articles on cumulation of actions, which reintroduced the civilian concept of cumulation into the new code after that concept had been rendered judicially useless by commingling *905 with common law concepts.[4] Article 461, Code of Civil Procedure, provides for the joinder of separate actions in the same judicial demand by a single plaintiff against a single defendant or by one or more plaintiffs against one or more defendants. Article 463 elaborates by providing plural parties may be joined in the same suit as plaintiffs or defendants if there is a community of interest between them, if the actions cumulated comply with jurisdiction and venue provisions, and if the actions cumulated are mutually consistent and use the same form of procedure. Under the cumulation articles, it is clearly possible a situation as the one before the court could arise where multiple parties assert the same cause of action against an identical defendant in the same suit. Given these provisions on cumulation of actions and the broadened provisions of the new code on the incidental actions of reconvention, intervention, and third party demands, it is clear the legislature intended, in Article 531, to prohibit the assertion of the same cause of action only in two or more "suits" in the same or different courts and not to prohibit bringing the same cause of action by different parties in the same "suit" in the same court.
Having decided plaintiff's exception of lis pendens is inapplicable to the present case, we must decide the merits of its exception to the defendant's lack of procedural capacity to bring the reconventional demand. In both the reconventional demand and in the intervention, the parties allege that defendant, Joli Services, Inc., is the agent of Whipple and Simmons, and that the latter are the primary parties in interest in the reconventional demand filed by defendant as their agent. In opposition to plaintiff's attack on defendant's procedural capacity, defendant filed powers of attorney by both intervenors authorizing it to file the reconventional demand and ratifying its action in so doing.[5]
Article 694, Code of Civil Procedure, provides an agent may sue to enforce the right of his principal when specially authorized to do so. Article 700 further provides that when a plaintiff sues as agent for his principal, he must prove his authority to so act when that authority is challenged by dilatory exception.
In the present case, the defendant's right to file the reconventional demand was challenged by plaintiff, and defendant met the challenge by filing powers of attorney by the principals authorizing and ratifying the action of the defendant agent in bringing the reconventional demand. We conclude defendant has met the burden imposed upon it by Article 700 and plaintiff's exception must be dismissed.
While it is true that both the intervenors and the defendant acting as their agent cannot obtain the same judgment against the plaintiff, that is a matter which can be properly disposed of at the conclusion of trial. And, as a practical matter, since the plaintiff seeks a judgment only against the defendant, it appears to us that the defendant is entitled to make its defenses and reconventional demands, especially in the alternative as is the case here.
For the reasons assigned, the judgment appealed from is reversed insofar as it maintains the exception of lis pendens to the reconventional demand and dismisses that demand; and it is now ordered that plaintiff's exceptions of lis pendens and lack of procedural capacity be overruled. In all other respects the judgment appealed from is affirmed, and this matter is remanded for further proceedings in accordance with law and with the views herein expressed. Plaintiff is to pay all costs of this appeal; *906 all other costs are to await a final determination.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] See the strict interpretation of this provision in Article 531 by the Supreme Court in the recent case of Mitchell v. Bertolla, La., 340 So.2d 287.
[2] See Historical NotePrior Laws2 LSA-C.C.P. Art. 531 at page 340.
[3] La.App., 69 So.2d 636.
[4] See preliminary statement preceding Article 461, Code of Civil Procedure.
[5] In addition, defendant filed a similar power of attorney by one Sam Israel, who stated in the document that he owned approximately 2% of the lease which forms the basis of plaintiff's original suit against defendant. This, together with statements in prior mooted pleadings that intervenors were the majority but not the sole shareholders of the defendant corporation strongly imply lis pendens is also inapplicable because the pleadings did not involve "the same parties in the same capacities." See Art. 531, Code of Civil Procedure.