## FARRELL *v.* YOE et al.

A married woman may bind herself as surety for any other person than her husband, when authorised by the latter, or by the proper judge.

APPEAL from the District Court of Caddo, *Campbell*, J. *Gilbert*, for the appellant. *Crain*, for the defendants. The judgment of the court was pronounced by

KING, J. The plaintiff, her husband, and her brother, were the joint and several makers of three promissory notes, payable to the defendants. To secure their payment, the plaintiff, with the concurrence of her husband, executed a mortgage on several lots of ground, of which she was the owner in her separate right. After the maturity of the last note, the mortgagees obtained obtained an order for the seizure and sale of the hypothecated property, which the plaintiff, *Sarah Ann Farrell*, has enjoined, on the ground that the debt is due by her brother *Lewis E. Farrell*; that she became the surety for its payment; and that she is forbid by law from entering into such a contract. The injunction was dissolved in the court below with general and special damages, and the plaintiff has appealed.

There is no error in the judgment appealed from. It is true, as alleged by the plaintiff, that she was only a surety, but the contract was not one which the law prohibits her from making. The debt for which she obligated herself was due neither by the community, nor by her husband. For obvious reasons married women are not permitted to bind themselves for their husbands, nor con-

FARRELL
v.
YOE.

jointly with them, for debts contracted by the latter, before or during the marriage. Those reasons are not applicable to contracts of suretyship entered into for other persons than the husband, which it is not to be presumed the marital influence would be exerted to induce the wife to make.

*Judgment affirmed.*