McRae, Coffman & Co. *v.* N. Austin—On Proceedings against Sureties.

Where the property attached is bonded, the attachment is dissolved and the bond is substituted for the property In such a case, it is not necessary to make an inventory under Article 257 of the Code of Practice.

APPEAL from the Fifth District Court of New Orleans, *Livingston,* J.

*T. N. Waul,* for plaintiff:

There was no property under the control or within the jurisdiction of the court, or upon which the judgment of the court could be made effective for the intervenor. The property attached was released and the bond substituted for the property, for the purpose of satisfying any judgment that might be obtained by the plaintiffs, and no question of ownership or privilege on the property could be adjudicated: nor upon the bond, the condition being to pay or satisfy such judgment as should be rendered in the case then before it. *Dorr* v. *Kershaw et al.,* 18 La. 57; *Bealle* v. *Alexander,* 1 Rob. 277; same case, 7 Rob. 349.

A failure to make an inventory under some circumstances would render the Sheriff liable to the party injured thereby, but would not invalidate a judgment regularly obtained, when the return shows property attached. In this case no return of inventory was necessary or proper, as the Sheriff had no property in possession, the bond being substituted therefor.

*J. B. & C. T. Bemiss,* for *Judson & Taylor,* the sureties:

*First.*—The attachment is a nullity, because there was no inventory of the property attached made in accordance with law; nor, in fact any inventory whatever as required by Art. 257 C. P. All the formalities required by law in cases of attachment, must be complied with under the penalty of nullity. 3 L. R. 18. 8 L. R. 587. 12 R. R. 227. 3d Ann. 687. 5th Ann. 262, &c.

*Second.*—There was no property attached belonging to defendant, *Austin.* Long before the attachment herein was sued out, the cotton seized was shipped to *S. W. Taylor,* and bills of lading received by *Taylor.*

The bill of lading is evidence of title, and when the consignment is made, the property is no longer under the control of the consignor, nor is it subject to his debts. 2 R. R. 342. 1st Ann. 80. 3 Ann. 78, &c.

McRae, Coff-
man, & Co.
v.
Taylor.

There being no property of defendant, *Austin*, attached, and he having neither been personally cited or made his appearance, the suit was at an end. The property stands in place of the defendant, and if that which is attached is not his, then the defendant is not in court, and no judgment can be rendered against him. 3 N. S. 321.  6 M. R. 572.  17 L. R. 28.  4th Ann. 187. 2d Ann. 569, 563, 1010.  4 Ann. 585, &c.

The attorney appointed by the court can not waive informalities, nor supply the want of property of defendant attached.  10 M. R. 472.  12 R. R. 461.

*Third.*—The bonding of the property attached, will not prevent the defendant or his sureties from showing the property attached, was not the property of the defendant.  17 L. R. 28.  The securities may discharge themselves from liability, by showing informalities amounting to nullities.  2 R. R. 510.

There being no legal judgment in the suit against *Austin*, the sureties on the bond are consequently discharged.  2 R. R. 510.

The particular force of the cases cited by the plaintiff, 18 La.; 1 R. and 7 R., does not present itself to us.  In those cases, there was a conflict about the ownership of the property attached after it was bonded, and, consequently, had passed out of the possession of the officer of the court.

In the case at bar, the cotton attached is in the possession of the garnishee, who claims it, and the question is, does it belong to the garnishee, who is made a party to the suit by plaintiff, or to *Austin*, the defendant.  The case in 2 R. 510, fully covers the point.  The judgment of the inferior court should be reversed, and the rule to show cause, discharged, with costs of both courts.

Ogden, J.  (Slidell, C. J., and Voorhies, J., absent.)  The appellants were condemned as sureties on the bond given to release the attachment, in the suit between the same parties, just decided; the only ground of defence relied on, besides those which were considered in the other case, is that no inventory was made of the property attached, as required by Art. 257, C. P.  We agree with the Judge of the court below, that as the attachment was dissolved by a bond being substituted for the property, this formality was waived and neither the defendant nor his sureties could make any exceptions to the regularity of the proceedings on that ground.

For which reason and for those assigned in the opinion pronounced in the other case, it is ordered and adjudged, that the judgment of the court below be affirmed, and that the costs of this appeal be paid by the appellant.