ROBERT BARTINGTON, Administrator, *v.* A. BRADLEY et al.—DAVID TAYLOR, Intervenor.

This case was decided upon the same grounds as that of *Draughon* v. *Ryan*.

A married woman may, with the authorization of her husband, become a surety for a third person when the debt for which she becomes surety is neither the debt of the community nor of the husband. Decisions in 5 An. 307 and 9 An. 903 re-affirmed.

APPEAL from the Dist. Court of the Parish of Livingston, *Wilson*, J. *W. E. Walker*, for plaintiff and appellant. *Henry Duncan*, for defendant. *M. T. Carter*, for intervenor.

MERRICK, C. J. This case was before us in 1859 on an appeal by plaintiff, and was remanded for further proceedings.

The plaintiff and intervenor had judgment against one of the defendants only, and they (plaintiff and intervenor) appeal a second time.

The suit is brought against the sureties only upon two promissory notes signed by J. P. Wall as principal, and Alfred Bradley, Ann M. Wall, and D. W. Wall as sureties.

Judgment was rendered in favor of plaintiff and intervenor, as just said, against Bradley and in favor of the defendant Ann M. Wall, on the ground that she was a married woman and could not bind herself conjointly with her husband for a debt due by the community during the existence of the marriage. D. W. Wall was not made a party, except through a curator *ad hoc*, he being an absentee. The notes were given for property bought by J. P. Wall at a probate sale.

The case, therefore, presents the legal question, whether the wife can bind herself conjointly with her husband as surety for another?

On the part of the plaintiff our attention is called to the cases of *Far-*

*rell* v. *Yoe et al.*, 9 An. 903, and *Roberts* v. *Wilkinson*, 5 An. 307, wherein it was held that a married woman might, with the authorization of her husband, become a surety for a third person.

<div style="text-align: right;">BARTINGTON<br>v.<br>BRADLEY.</div>

These cases, it must be observed, were decided upon the ground that the debt for which the wife contracted the suretyship was neither the debt of the community nor of the husband, and therefore, the husband could have no interest in subjecting the wife's estate to the payment of the surety-debt for the advantage of the community or of his own estate.

In the case at bar, during the existence of the marriage, the husband and wife conjointly contracted the obligation of suretyship. The husband became by the contract interested in making his wife's separate estate responsible for the debt in order to relieve his own or the community.

The case therefore, is not only within the letter, but the spirit of Article 2412 C. C., which says the wife, whether separate in property by contract, or judgment, or not separated, cannot bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage.

The judgment of the lower court, therefore, rests upon the precise and clear language of the Code, and cannot be disturbed.

Judgment affirmed.

VOORHIES, J., absent.