## No. 7925.

## The Bank of Lafayette vs. Mrs. E. J. Bruff.

A married woman, who has bound herself, with the marital authorization, towards an innocent third person, as surety of a party between whom and her husband there exists a secret partnership, cannot plead that she has, by her contract of suretyship, assumed to pay her husband's debt, and thereby exonerate herself from her obligation. To sustain such a defense, would be to convert the laws intended for the protection of married women, into a system of legalized deception and fraud.

It is well established that the pledgee of a note has the right to sue upon it in his own name.

APPEAL from the Fifth District Court for the parish of Orleans. *Rogers, J.*

### *Breaux & Hall* for Plaintiff and Appellee:

First—A married woman, authorized by her husband, may become a surety for a third person. C. C. 124, 1781, 2397; Farrel vs. Yoe et al., 2 An. 903; Helwig vs. West and Wife, 2 An. 1; Roberts vs. Wilkinson, 5 An. 377.

Second—A concealed and unknown interest of the husband in a concern, cannot invalidate the suretyship given by a married woman to obtain credit for the owner of such business, in whose name it is conducted.

Third—The suretyship was legally given in a negotiable instrument, and passed into the hands of third innocent holders as such, and they are protected.

### *Frank D. Chrétien* for Defendant and Appellant:

The burden of proof is upon the plaintiff suing on a note subscribed by a married woman, to show that the consideration, if any was given, inured to her separate advantage and benefit. C. C. 2412; 1 An. 428; 5 An. 173, 572; 2 An. 579; 5 An. 495; 7 An. 144; 9 An 268; 5 An. 586; 7 An. 144, 283; 14 An. 169; 13 An. 546; 14 An. 15; 26 An. 737; Mrs. D. A. Taylor vs. Goodrich, not reported; 15 An. 352; 16 An. 449; 19 An. 206; 20 An. 229; 23 An. 96; 7 An. 144; 3 L. 74; 5 An. 495; 1 An. 428; 7 N. S. 64; 9 L. 590; 5 N. S. 55; 3 M. 577; 5 M. 167; 2 N. S. 39; 6 R. 64; 7 N. S. 64; 5 N. S. 56; 4 R. 308; 3 L. 74; 1 An. 428; 3 An. 188; 4 R. 510; 9 L. 580; 12 R. 218; 4 R. 119; 7 R. 357; 2 An. 3; 12 An. 350, 852; 14 An. 419; 9 L. 589; 1 M. 488; 11 M 453; 12 R. 244; 7 N. S. 64; 10 L. 146; 6 R. 64; 6 An. 57.

Suretyship is not presumed; it must be affirmatively established—as in all contracts; in that of suretyship consent is necessary, and that consent must be established by the plaintiff before recovery. C. C. Art. 3035.

The opinion of the Court was delivered by

Poché, J. Defendant appeals from a judgment against her on four promissory notes of $500 each, executed by her in February, 1874, with

the authorization of her husband (who was then living), and secured by mortgage on her separate property, and she urges the following defenses.

1st. Want of consideration.

2d. That the consideration, if any, did not inure to her benefit, but to that of her husband in his business.

3d. That the original drawees, J. W. Homan & Co., well knew, in taking said notes, that they were without consideration as to defendant.

4th. That the notes having been given to Homan & Co., as a collateral security, the present holders have no actionable interest in said notes.

The evidence shows that the notes were received by J. W. Homan & Co. as collateral security for a debt due to them by Leo Babin, a merchant in Thibodeauxville, La., and were by them pledged before maturity to the plaintiff herein.

It also appears from the evidence that defendant's husband, E. J. Bruff, was interested, and a silent partner, in the business of Leo Babin, but that his connection therewith and his name were concealed for the purpose of screening his interest from the pursuit and reach of his creditors ; and that his interest in the concern was generally unknown, but was particularly unknown to J. W. Homan & Co., the drawees of the notes in suit.

This state of facts presents for investigation the following questions:

1st. Could the defendant legally bind herself as surety for the debts of Leo Babin ?

2d. Could the rights of the parties dealing with her as such, be affected by the fact of her husband's concealed interest in the business of Leo Babin?

1st. The general capacity of a married woman to contract, like all other rational beings of competent age, is restricted only by the necessity of her being authorized by her husband or by the court, and by the absolute prohibition to bind herself for the debts of husband or of the community. Hence it has been settled in our jurisprudence, and it can no longer be considered as an open question, that a married woman has the right, under proper authorization, to bind herself as surety for any other person except her husband. Farrel vs. Yoe et al., 2 An. 903; Roberts vs. Wilkinson, 5 An. 377; Wickliffe, Governor, vs. Dawson et al., 19 An. 48.

In the case last quoted the married woman was held bound as surety on an official bond signed by her conjointly with her husband.

We, therefore, conclude that Mrs. Bruff had full power to bind herself as surety for the debts of Leo Babin.

40

Her counsel in his brief argues that plaintiff cannot recover against her on the theory that she had bound herself as surety, because the petition contained no allegation to that effect.

This defect, if it be one, is cured by the direct averment of defendant, in charging that the notes had been received by J. W. Homan & Co., as a collateral security for the debts of Leo Babin. It is also worthy of notice that evidence in support of that theory was admitted without any objection on the part of defendant who, herself, introduced testimony in support of that very theory with a view to connect the indebtedness sought to be secured with her husband.

On the second question, we think that defendant's husband, by concealing his interest in the commercial house of Leo Babin, having successfully defeated his creditors in their rights against his property, has justified innocent third parties in their dealings with the concern, to treat Mrs. Bruff as contracting to secure the exclusive individual debts of Leo Babin, and that she is now estopped from alleging that the debts which she intended to secure were those of her husband. To release her now from her contract of suretyship, on the ground of her husband's interest in the house of Leo Babin, when such connection had been designedly concealed for the purpose of her husband's fraudulent protection, would be to convert the laws enacted for the safeguards of married women into means of deluding and ensnaring innocent parties into legal pitfalls, and would inaugurate a system of legalized deception and fraud.

. There is no more force in the objection that plaintiff, as pledgee from Homan & Co., has no actionable interest in these notes.

It is now well settled that the pledgee has the right to sue on the pledged note, subject to the obligation of accounting to the pledgor for the surplus, if any, realized, after the satisfaction of the pledgee's claim. Ducasse vs. McKenna, 28 An. 419; Dolhonde Succession, 21 An. 3; Blouin vs. Liquidators of Hart & Hébert, 30 An. 714; C. C. 3170.

Defendant's grounds being all untenable, the judgment of the lower court is therefore correct, and is affirmed with costs.

Fenner, J., recuses himself, having been of counsel.