O’NIELIi, J.
The recorder of mortgages prosecutes this appeal from a judgment rendered on a rule ordering him to cancel the plaintiff’s legal mortgage securing her paraphernal claims against her husband. The plaintiff proceeded according to the provisions of article 329 of the Civil Code. The act passed before the notary public, as authority for the cancellation of the mortgage, contains all of the recitals required by that article of the Code. The plaintiff made the formal renunciation, not in favor of any designated third persons, but in favor of any and all persons; that is, in favor of all persons except her husband.
The recorder of mortgages objects to canceling the mortgage, on the ground that a married woman cannot renounce, in favor of all persons generally, her matrimonial, dotal, paraphernal, or other rights or claims against her husband, but can only make a special renunciation for the purpose merely of releasing certain described property, or of subordinating her claim against her husband to some designated claim of a particular individual named in the act of renunciation.
The learned attorney for the recorder of mortgages contends that the plaintiff’s general renunciation would, if the husband should not sell or hypothecate his property to a third person, inure to his benefit, and be, in effect, a renunciation in his favor, instead of being in favor of a third person. It might as well be said of a special renunciation, of a married woman’s legal mortgage against her husband, that it is a renunciation in favor of the husband, because it enables him to alienate or hypothecate his property to the prejudice of his wife’s claims against him. And it is true in every case that the third person, in whose favor, as mortgagee, a special renunciation is made of a married woman’s legal mortgage against her husband, may never find it necessary to avail himself of the renunciation. But a married woman’s renunciation of her legal mortgage against her husband, under the provisions of article 129 of the Civil Code, is no more a contract between the husband and wife, when the renunciation is made generally in favor of all persons, than it would be if the renunciation were made specially and only in favor of a particular individual or with reference to a particular transaction between the husband and a third person.
It is contended that the plaintiff in this rule will have no means of protecting her paraphernal claim against her husband if her legal mortgage be canceled. The answer is that she will have the right to have her mortgage reinscribed whenever she sees fit; and that is all the protection she had before she put the mortgage on record. The law does not compel a married woman to put a legal mortgage on the property of her husband to protect her marital claims, nor does it compel her to keep the mortgage in force when she has put it on record. On the contrary, the law points out a proceeding whereby a married woman, over the age of 21 years, may, after being cautiously advised by a public official, with regard to her rights, and with care that she shall not be unduly influenced by the interested husband, renounce in favor of third persons her claims against her husband.
Although such renunciations are usually made only to the extent necessary for some particular transaction that the husband is about to undertake, there is nothing in the law to indicate that the renunciation may not be general, in favor of any and all persons.
The learned counsel for the appellant cites four decisions to support the refusal of the *87 recorder to cancel the mortgage; but we not think they refer to the question at issue. For example, in the case of Factors’ & Traders’ Insurance Co. v. Warren, 37 La. Ann. 85, it was held merely that a married woman who intervened in an act of mortgage given by her husband was not a third party, within the meaning of the Code. In the Succession of Montgomery, 44 La. Ann. 373, 10 South. 772, the renunciation by a married woman of hef claim against her husband was held to be invalid because the notary public before whom she made the renunciation did not explain to her, out of the presence of her husband, before receiving her signature, the nature of her rights and of the contract she was about to sign; and the act of renunciation did not contain a recital that those formalities, required by article 129 of the Civil Cdde, had been complied with. In the case of Luckett v. Canadian & American Mortgage & Trust Co., 47 La. Ann. 1259, 17 South. 836, the renunciation, which the law requires to be made before a notary public, was declared invalid because it was made by an instrument under private signature. And, in the case of the Equitable Securities Co. v. Talbert, 49 La. Ann. 1393, 22 South. 762, an instrument whereby a married woman, declaring, falsely, that her husband had paid her paraphernal claim against him, authorized the recorder to cancel her legal mortgage, was declared invalid, because none of the formalities required by article 129 of the Civil Code had been complied with. In that case it appears that the decision prevented the perpetration of fraud. The recorder who canceled the legal mortgage of the woman was the officer before whom she acknowledged that her claim against her husband had been paid, and the officer knew that her acknowledgment was false. He was also the notary public before whom the woman’s husband then mortgaged his property in favor of the third party in whose favor the woman’s legal mortgage was renounced; notary was representing that third party in the transaction.
Although the plaintiff, apparently, does not rely upon Act 94 of 1916, that statute seems to free married women from the authority or controlling influence of their husbands, as to the right and competency of married women to contract and bind and obligate themselves personally and with reference to their separate or paraphernal property.
Our conclusion is that the plaintiff in this proceeding, having complied with the provisions of article 129 of the Civil Code, is entitled to have her legal mortgage canceled.
The recorder of mortgages had no personal interest in this proceeding, nor motive in resisting the demand of the plaintiff except to protect her rights. We have concluded, therefore, in the exercise of our discretion in that respect, to require the plaintiff in the rule to pay the costs of this proceeding.
The judgment appealed from is affirmed. The plaintiff is to pay the costs of this proceeding.
gee concurring opinion of PROVOSTY, L, 76 South. 249.