(95 South. 216)

No. 24667.

## HONEYCUTT v. WHITTEN et al.

(Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Husband and wife ☞154—Statute, prohibiting wife from binding herself jointly with husband, not abrogated.**

Act No. 94 of 1916, as amended by Act No. 244 of 1918, making married women competent to contract and to bind and obligate themselves personally, does not abrogate the provision of Civ. Code, art. 2398, that the wife cannot bind herself conjointly with the husband, and a married woman is not liable on a forthcoming bond executed by her and her husband jointly as sureties.

2. **Landlord and tenant ☞229(13)—Statute requiring judge to fix amount of forthcoming bond held inapplicable.**

Where property was taken under a writ of provisional seizure in a lessor's action for rent, Code Prac. art. 289, providing that, when ships, vessels, or other property are provisionally seized, the seizure may be set aside upon execution by defendant of his obligation for whatever amount the judge may determine as being equal to the value of the property, did not apply, and the appropriate law was that contained in article 287, providing, relative to suits for rent, for release of the property upon forthcoming bond for the value of the property as fixed by the sheriff or deputy with the assistance of two appraisers.

3. **Landlord and tenant ☞229(13)—Formalities respecting appraisement of property released on forthcoming bond held waived.**

The formalities prescribed by Code Prac. art. 287, providing for the release of property provisionally seized in an action for rent upon forthcoming bond for the value of the property as fixed by the sheriff or his deputy, with the assistance of appraisers selected by the parties after 24 hours' notice, are for the benefit of the lessor and lessee, and could be waived by them, and were waived by the lessee by furnishing the obligation and by the lessor by accepting its benefit and suing upon it, after appraisement by the deputy sheriff, without the appointment of other appraisers.

4. **Landlord and tenant ☞229(13)—Doctrine that law read into judicial bonds does not prevent waiver of formalities in appraisement.**

The doctrine that the law under which judicial bonds are given must be read into them is only resorted to in construing and giving effect to their language, and does not prevent the parties from waiving the formalities prescribed by Code Prac. art. 287, in appraising property provisionally seized in action for rent, in order to fix amount of forthcoming bond.

5. **Landlord and tenant ☞229(13)—Plaintiff entitled to recover amount of forthcoming bond, less value of property produced.**

In an action for rent, in which defendant secured the release of property provisionally seized upon a forthcoming bond, where only part of such property was produced and returned to the sheriff after the recovery of judgment, plaintiff was entitled to judgment on the bond for the difference between the amount of the bond and the appraised value of the property produced; judgment having been rendered for a larger amount.

6. **Landlord and tenant ☞229(13)—In action on forthcoming bond, evidence questioning amount of appraisement not admissible.**

In action on forthcoming bond given in action for rent to release property provisionally seized, evidence questioning the amount of the appraisements of the property made by the deputy sheriff at the time it was seized, and upon which the amount of the bond was fixed, was inadmissible.

———

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Action by M. H. Honeycutt against J. L. Whitten and others. From a judgment for plaintiff, defendants appeal. Judgment avoided and reversed as to one defendant and amended and increased and judgment rendered against the other defendants.

See, also, 149 La. 882, 90 South. 230.

———

[1] Ante, p. 1031.

John M. Munholland, of Monroe, for appellants.

Ellis, Ellis & St. Paul, of Rayville, for appellee.

By the WHOLE COURT.

LECHE, J. Defendants appeal from a judgment condemning them in solido, as principal and sureties on a forthcoming bond which had been signed by them in order to obtain the release of certain property held by the sheriff by virtue of a writ of provisional seizure.

Plaintiff originally sued defendant J. L. Whitten on a claim for rent, and at the same time obtained a writ of provisional seizure, under which the sheriff seized four bales of cotton, two mules, three horses, ungathered crops of cotton, corn, sugar cane and potatoes, and one wagon, all of which was appraised in the sum of $3,500.

During the pendency of the suit the defendant Whitten, filed a petition to set aside the seizure on bond, and therein he prayed:

"That this application be granted, and that he be permitted to execute a forthcoming bond with good and solvent security for the value of the property to be left in his possession, and that upon his furnishing the said bond the said seizure be released."

Thereupon the judge signed the following order:

"It is ordered by the court that the defendant be and he is hereby permitted to execute a forthcoming bond with good and solvent security for the value of the property to be left in his possession, and that upon his furnishing said bond the said seizure be released, and for the sheriff of the parish of Richland to take and approve said bond, and to fix the value of said property."

In accordance with this order, defendant furnished a forthcoming bond with Chas. Titche, Ed. L. Miles, and Mrs. Anna P. Miles as sureties, and the property provisionally seized was delivered by the sheriff into the possession of Whitten, the defendant.

Subsequently the suit was tried, and a judgment was rendered in favor of plaintiff for the sum of $4,000, recognizing plaintiff's lessor's pledge and privilege, sustaining the writ of provisional seizure, and ordering the property to be sold in satisfaction of plaintiff's claim. A writ of fieri facias was then issued upon that judgment, and the following was the only property produced by defendant and seized by the sheriff, viz.: Two mules, one mare, one wagon and gearing. Defendant and his sureties having failed after due legal demand to produce the rest of the property which had been provisionally seized and returned to defendant upon bonding the seizure, the present suit was then instituted upon the forthcoming bond against Whitten and his sureties.

[1] An exception of no cause of action was filed on behalf of all the defendants, but it is only pressed in this court, in the defense of Mrs. Anna P. Miles, wife of Ed. L. Miles. The first question then presented for solution is whether husband and wife may bind themselves as cosureties on a forthcoming bond.

Article 2398, C. C., in plain terms says that the wife cannot bind herself conjointly with her husband. The reason for this rule is that under the equitable doctrine of contribution among joint and solidary obligors a legal situation would arise in which one of the spouses might, as a result of such conventional agreement, acquire a claim against the other in contravention of the laws limiting the right and authority of husband and wife to enter into such contracts. It was held in Harang v. Blanc, 34 La. Ann. 632, that—

"When a married woman, not separated in property, signs an obligation with her husband and other parties for a debt, for which they are bound in solido, but which has not inured to her separate benefit, she is not liable. therefor."

But counsel for plaintiff suggest that according to the provisions of Act 94, page 212, of 1916, married women may now bind them-

selves without limit and without the authority of their husbands, and they cite in further support of their contention Hicks Motor Co. v. Caldwell, 148 La. 21, 86 South. 598. The first section of the Act of 1916 was amended by Act 244, page 435, of 1918, so as to specify the contracts which married women are now authorized to enter into, without the assistance of their husbands, and that authority, limited by the Act of 1916 to married women of this state, is now extended by the Act of 1918, to married women whether residing in this state or not. But neither of these acts have changed or amended the articles of the Civil Code forbidding married women from binding themselves for or conjointly with their husbands. In the case of Lorio v. Gladney, 147 La. 930, 86 South. 365, wherein the opinion was written by Mr. Justice O'Niell, it was held that—

"Act No. 94 of Acts 1916, providing that a wife may sue or be sued to the same extent and in the same manner as though she were a feme sole, did not repeal the provisions of the Civil Code declaring a married woman incapable of mortgaging or pledging her separate estate for a debt of her husband, and merely permits a married woman to do without the authorization of her husband what she was theretofore capable of doing only with his authorization."

In the case of Hicks Motor Co. v. Caldwell, cited by plaintiff, the opinion was written by Mr. Chief Justice Monroe, who had dissented in the Lorio Case, and who, after calling attention to that fact, makes the statement that "no opinion is here called for or expressed" concerning the proposition of law hereinabove quoted.

It thus appears that neither the Act of 1916 nor the Hicks Case support the contention of plaintiff, that article 2398 of the Civil Code has not been abrogated by the act of 1916, and that the exception of no cause of action should be sustained as to Mrs. Mills.

The defense on the part of the principal and the other sureties is that the legal formalities required for the execution of the forthcoming bond were not complied with; that it is defective in this respect, and is not binding on the sureties; that the value of the property was not fixed by the sheriff or one of his deputies with the assistance of two appraisers selected by the parties after notice of 24 hours which should be previously given to the lessor or his counsel, as required by the provisions of the Code of Practice.

The facts are that a petition was presented to the district judge, and that an order was entered thereon as previously stated in this opinion; that the judge's order was presented to the sheriff; that the sheriff accepted the bond for an amount equal to the value fixed by the deputy sheriff who had executed the seizure and who had made an appraisement of the property in the presence of and partly with the assistance of Whitten, the defendant.

The defendants contend that the appraisement should have been made by the sheriff or his deputy, with the assistance of two appraisers selected by the parties to the suit, 24 hours' notice being previously given to the lessor or his counsel to select an appraiser, according to article 287, C. P.; that this formality was an absolute prerequisite, without which the bond was struck with nullity. They further contend that the judge might have fixed the amount of the bond under article 289, C. P., but that he could not delegate that power to the sheriff.

[2] The provisional seizure in this case being made in the enforcement of a claim for rent by a lessor and not by an employé of a ship or other water craft, or of a furnisher of material to such water craft, the appropriate law is contained in article 287, and not article 289, C. P., and the provisions of the latter article therefore have no application here.

[3] Defendant properly applied to the judge, under the letter of article 287, to be permitted to have the seizure released upon a forthcoming bond. The permission to bond constituted the judicial sanction for the re-

lease of the seizure, it was jurisdictional, and was an essential prerequisite to authorize the sheriff to substitute an obligation in lieu of the property which he held under seizure. But the formalities prescribed by the article of the Code, in order to fix the amount of that obligation, are entirely for the benefit of and in the interest of the lessor and lessee, and no logical reason can be advanced why the lessor and lessee could not waive such formalities.

The lessee has waived them by furnishing the obligation, and the lessor has waived them by accepting the benefit of the obligation and suing upon the same.

Our jurisprudence abounds with instances where litigants who have waived formalities of law which have been enacted solely in their interest are thereafter held estopped from complaining of the nonperformance of such formalities. See the cases of Vawter v. Morgan, 6 Mart. (N. S.) 46; McRae v. Austin, 9 La. Ann. 361.

[4] The doctrine that in the construction of judicial bonds, the law under which they are given must be read into them is only resorted to in construing the language in which such instruments are couched and giving effect thereto, and it has no application here.

[5] The property which defendant produced and returned to the sheriff consisted of two mules, one mare and one wagon and gearing, which had been appraised respectively at $500, $150, and $75, amounting in all to $725, which amount should be credited on the bond.

The judgment of the district court was in favor of plaintiff for $2,570, but plaintiff, having answered the appeal and prayed accordingly, is entitled to have the judgment amended by increasing the same to a sum equal to the amount of the forthcoming bond, $3,500, less the value of the property returned to the sheriff, $725, or to the sum of $2,775.

[6] Defendants attempted to question the amount of the appraisements made by the deputy sheriff at the time the property was seized and upon which the amount of the forthcoming bond was fixed, but such evidence was inadmissible, and is not entitled to consideration.

For these reasons, the judgment appealed from should be avoided and reversed as to Mrs. Anna P. Miles, and amended and increased as to the other defendants, and proceeding to render such judgment as should have been rendered,

It is ordered, adjudged, and decreed that plaintiff, Martin H. Honeycutt, have judgment against J. L. Whitten, Ed. L. Miles, and Charles Titche in solido, in the full sum of $2,775, with legal interest from June 3, 1920, until paid, and all costs of court. It is further ordered that plaintiff's demand as against Mrs. Anna P. Miles be refused and dismissed.