No. _____

First Circuit Appeal.

FRANCIS VALLEY v. BENJAMIN E. CAU-
SEY AND ERNEST M. FLOYD.

(December 2, 1924, Opinion and Decree.)

(*Syllabus by the Editor.*)

1.  **Louisiana Digest, Landlord and Tenant.
    Par. 100.**
Where under Code of Practice, Article 287,
a bond is made to release the proper-
ty held under provisional seizure, for
rent, the bondsmen are liable for the
value of movables seized which were
not returned. This, of course, only
where there is proof of actual value.

Appeal from the Parish of Ascension.
Hon. Sam A. LeBlanc, Judge.

This is a suit against the surety on a
release bond in a provisional seizure for
rent and purchase price. There was judg-
ment for plaintiff, and defendant appealed.
Judgment affirmed.

C. V. St. Amant, of Donaldsonville, and
C. T. Wortham, of Donaldsonville, attorneys
for plaintiff.

Walter Lemann, of Donaldsonville, attor-
ney for defendant.

MOUTON, J. Plaintiff, in Nov., 1920,
sued L. Dexter Floyd, as his lessee, for
rent of a farm, obtained a provisional
seizure of two plows, of a black horse, a
bay horse, three mules, one wagon, one lot
of corn, three cows, two calves, eleven
hogs, one lot of chickens, 30 or 40 in num-
ber, one buggy, a lot of cotton, about one
and half bales, situated on the property
leased. The amount of $1000.00 was claimed
for the rent. He also alleged that he was
entitled to a privilege of $350.00 as vendor
of three mules he had sold to the lessee.
He accordingly prayed for the recognition
of his lessor's lien, and vendor's privilege
in the amounts above stated.

All of the movables above described, in-
cluding the mules on which the vendor's
lien rested, were seized under the pro-
visional seizure. The defendant, L. Dex-
ter Floyd, had the property released under
a forthcoming bond executed Nov. 20th,
1920, which was signed by Benjamin Cau-
sey and Ernest M. Floyd, as sureties.

Thereafter, Jan. 6th, 1922, judgment was
rendered against defendant in the sum of
$430.00, with interest for rent, maintain-
ing the provisional seizure, and ordering
the sale of the property seized thereunder;
also recognizing the vendor's lien on the
mules.

The present suit, as indicated by the
title, is against the sureties on the release
bond.

Of the property provisionally seized above
described the following: 2 plows, 1 black
horse, 1 bay horse, 3 mules, 1 wagon, 3
cows, and 2 calves, were appraised and
sold by the sheriff.

Out of the proceeds of the sale, the sher-
iff realized a sum sufficient to pay the
costs of court, and to turn over to plain-
tiff $361.69, which was applied to his judg-
ment. Plaintiff claims that he obtained
judgment against his lessee for $805.00
and that applying the sum he received from
the sheriff, as aforesaid, leaves a balance
of $509.68, due him by the bondsmen, Ben-
jamin E. Causey and Ernest M. Floyd, de-
fendants herein.

The original suit was brought against
the lessee by plaintiff, lessor, the property
was seized under the writ of provisional
seizure therein issued, and the bond was
furnished to release the property from that
seizure. This suit is brought on the bond
which was assigned by the sheriff to plain-
tiff, as alleged. This bond for the release
of the property having been furnished in a
suit by a lessor in an action for rent, must
be tested under Article 287, Code of Prac-
tice, as was pointedly held in Honeycutt

vs. Whitten et al., 152 La. 1045, 95 South. 216.

Plaintiff in his petition alleges that L. Dexter Floyd, the lessee, delivered to the sheriff the property bonded "with the exception of one black mule named "Stella", which had died since the bonding of said property; one lot of cotton, about one and one-half bales; one lot of chickens, about 30 or 40; one lot of hogs, eleven in number, and one buggy."

The court in Honeycutt vs. Whitten, 152 La. 1045, 95 South. 216, said that where part of the property bonded is produced and returned to the sheriff, plaintiff is entitled to judgment on the bond for the difference between the amount of the bond and the appraised value of the property. In the instant case, the sheriff appraised some of the movables which had been bonded, above referred to, but did not appraise the movables which plaintiff herein claims were not produced or returned.

Hence, the case is not to be determined by the rule governing under article 287, C. P., as interpreted by the court in the case above cited.

The question presented for decision is, therefore, as to whether or not the bondsmen are responsible for the value of the movables plaintiff alleges have not been returned.

Plaintiff alleges that the mule Stella was dead. The proof shows she died, apparently, of old age, a natural death. As lessee was, therefore, not at fault in not returning this mule, the sureties are not responsible for its value. Thirty or forty chickens were released under the bond, but it appears that some had died and it is not shown how many were on the premises when the sheriff demanded the delivery of the property, nor is there any proof of

their value. The same condition exists as to the hogs. In the absence of such proof it is impossible for the Court to fix a value for the chickens and hogs. As to the buggy, it was broken, dilapidated, and was practically valueless. The lot of seed cotton was likewise without value. There was a bale of cotton on the place which was not returned by the lessee. It was appraised by the witnesses at an amount ranging between $65.00 and $75.00. The lower court rendered judgment against defendants, sureties, for $68.51, and which was a fair value for the cotton. This, we find, is about the extent of their liability under the proof.

Right is reserved to plaintiff to sue for hogs and chickens.

Judgment affirmed.