**No. 473**

**First Circuit**

——

**JONES & DUBUISSON v. PICARD ET AL.**

——

(June 28, 1929. Opinion and Decree.)

——

Miller & Richardson and Bascom D. Talley, of Bogalusa, attorneys for plaintiffs, appellees.

Ott & Rich, of Bogalusa, attorneys for defendants, appellants.

LECHE, J. Plaintiffs own a judgment for one hundred and five 90/100 dollars against the defendants.

The judgment represents part of a bill for repairs of an automobile and is secured by lien and privilege on the automobile, which under the terms of the judgment, is ordered sold to pay plaintiff's claim by privilege and preference.

Plaintiffs obtained, when they sued, a writ of provisional seizure under which the automobile was seized, but the automobile was returned to defendants on their furnishing a forthcoming bond, with Mrs. M. E. Mitchell as surety, for the sum of one hundred and fifty dollars. Pending the trial of the case, the automobile was destroyed by fire, admittedly through no fault of defendants or their surety.

As soon as their judgment became final, plaintiffs attempted to execute it, but the automobile was then out of existence and the writ of fieri facias was returned with

a statement endorsed thereon reciting the destruction of the automobile by fire. The present proceeding is by rule and its purpose is to hold Mrs. M. E. Mitchell, who signed the forthcoming bond as surety, liable for the payment of plaintiff's judgment.

It seems that the automobile had been insured to secure part of its purchase price still due and unpaid to the vendors, the authors of defendant. That from the proceeds of the policy, after paying the vendor's privilege, there remained sixty-four dollars which was paid to the defendant Picard. The trial judge assuming that the sixty-four dollars stood in lieu and place of the automobile, thereupon held Mrs. Mitchell liable to plaintiffs under the forthcoming bond, for sixty-four dollars, and accordingly rendered judgment against her.

Mrs. Mitchell has appealed from that judgment and the question for decision, is simply, whether the surety on a forthcoming bond is liable for failure to produce property destroyed by a fortuitous event.

We held in the case of Valley vs. Causey, & Floyd, 1 La. App. 179, that the non-production of a mule which had been returned to defendant under a forthcoming bond, and which was shown to have died a natural death through no fault or negligence of the defendant, did not render the surety on the bond liable for its value. We believe this ruling is in accordance with law and see no reason to change our opinion. The defendants and their surety cannot legally be expected to do an impossibility.

We cannot conceive what pertinency the question of insurance has in this case. The contract of insurance had been entered into by defendants and their vendor, for the protection of the latter, to secure his claim and neither for the benefit of plaintiffs nor for the benefit of Mrs. Mitchell. We do not understand by what process of reasoning it can be held that the proceeds of the insurance policy can be substituted for the automobile. Neither the plaintiffs, nor the executive officer of the Court, nor the surety had any part in effecting the insurance. Mrs. Mitchell certainly did not obligate herself to produce the proceeds of the insurance policy, either by the terms of the bond or by conventional agreement.

Believing that the judgment on appeal is erroneous, it is hereby avoided and reversed, and Mrs. M. E. Mitchell is declared discharged from any liability under the forthcoming bond herein sued upon.