## PITRE v. FONTENOT.
### No. 1326.

Court of Appeal of Louisiana. First Circuit.
May 8, 1934.

Wm. Alex Robertson, of Opelousas, for appellant.

Atlee P. Steckler, of Ville Platte, for appellee.

MOUTON, Judge.

Plaintiff, Mrs. Edmonie Pitre, is the daughter of defendant, Mrs. Ernestine Fontenot, widow of Madison Pitre, father of plaintiff, who died in St. Landry parish in 1910. Madison Pitre's estate in community with his surviving wife was sold to effect a partition and the proceeds were relegated to the notary for distribution among the heirs.

The share allocated to Mrs. Edmonie Pitre, plaintiff, amounted to the sum of $212.13, which was carried on the tableau filed in the succession proceedings, and subsequently homologated. This amount of $212.13 due plaintiff, as an heir, was however retained and applied in part payment of a promissory note for $279.55, which had been executed by Onezime Pitre, husband of plaintiff, bearing the names of Onezime Pitre and Edmonie Pitre, plaintiff.

Plaintiff is suing in her own name to recover against defendant this sum of $212.13 so applied in part extinguishment of this note of $279.55, claiming that her signature to the note is forged or not genuine; and, in the alternative, that the note represented a debt of her husband, for which she could not be held liable.

It is not disputed that the debt for which the note was given was a community obligation; hence, it was clearly the debt of the husband.

The note was executed on November 26, 1919, payable one year from that date.

At that time, we had the Act No. 94 of 1916 and Act No. 244 of 1918, permitting married women to bind themselves personally, but the power so conferred, the court said, in Honeycutt v. Whitten et al., 152 La. 1045, 95 So. 216, does not abrogate the provisions of article 2398, Civ. Code. This article says that the wife, separated in property or not, "can not bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage." This is a prohibitory law and whatever is done in contravention of it, "is void, although the nullity be not formally directed." Civ. Code, art. 12.

In the case of Elizabeth Edwards and Husband v. M. A. Edwards, Administrator, et al., 29 La. Ann. 597, the court, in referring to several prior decisions, said: "It is well settled jurisprudence of this State that a married woman can not, so as to bind her, or her property, confess a judgment for a debt of her husband or of the community."

In the case of Sara T. Bowman v. Kaufman, Sheriff, et al., 30 La. Ann. 1021, the court held that: "The failure on the part of a wife to prosecute an appeal she had taken from a judgment against her on account of her husband's debt, will not estop her from subsequently contesting the legality of the judgment."

In 1919, when the note in question was executed, there was no law abrogating the provisions of article 2398, Civ. Code, above cited, upon which the decisions, hereinabove referred to, are grounded, and the statutes thereafter enacted relieving married women of their disabilities or incapacities, can have no application.

It is therefore a matter of no consequence or importance whether plaintiff signed the note or not, as in either case it cannot be binding on her.

Counsel for defendant contends that the tableau showing the application of these $212.13 to the note at issue was homologated after compliance with notice, and other formalities of law; that plaintiff took no appeal from this judgment of homologation, never contested the correctness of the tableau, is therefore now estopped from contesting it or questioning her liability as carried thereon.

Under one of the decisions, above cited, a married woman was permitted to repudiate a confession of judgment for her husband's debt, and in the other, where she had failed to prosecute an appeal taken from a judgment for her husband's debt, the court held she was not estopped from subsequently contesting the legality of the judgment.

Under the ruling in these two cases, and others which might be cited to the same effect, it appears clear to us that in this case plaintiff could not be precluded from suing for the recovery of her inheritance, absorbed as before explained, by its application to her husband's or community debt, although she had not contested the tableau or appealed from the judgment of homologation.

Counsel for defendant devotes most of his brief to the proposition that where a defendant is sued on a note and denies his signature thereto and proof is made of it, he is cut off from any other defense, citing several decisions where this doctrine has been maintained.

In a case of this character, a wife, in the interest of public order, is prohibited from binding herself for the debt of her husband. The contract, be it a note or other act under private signature which has been signed by her, is an absolute nullity in the sense that during the lifetime of her husband she cannot legalize it by ratification. Lafitte et al. v. Widow E. R. Delogny et al., 33 La. Ann. 659; Mrs. Emma Brownson v. William E. Weeks et al., 47 La. Ann. 1042, 17 So. 489.

Here, the law prohibits the wife from obligating herself on such a contract. The rule invoked by defendant does not apply in a case of this nature, otherwise the contract, which the law itself declares null, would be given effect resulting from the fact that the signature of the wife had been shown to be genuine.

As hereinabove stated, whether genuine or forged, a married woman cannot be held liable before the death of her husband who it is shown in this case was living at the time of the trial; and, there being no claim whatsoever to the effect that the money represented by the note had gone to the benefit of any separate property of the wife, she cannot be bound thereby.

Defendant has also filed exceptions of no cause or right of action and of misjoinder because the husband of plaintiff, Onezime Pitre, has not been made a party plaintiff or defendant in this suit.

Plaintiff is suing for the recovery of her paraphernal property and unquestionably has a cause or right of action.

Act No. 283 of 1928 (page 548), has relieved married women of all disabilities and incapacities to which they were subjected up to

that time, investing them with the power to appear in judicial proceedings without the authority of their husbands or of the judge, for the vindication of their rights; hence, there could be no objection to plaintiff appearing in her individual name in these proceedings, without joining her husband as coplaintiff or for the purpose of authorizing her to institute this suit, nor was her husband a necessary party defendant, as he could not possibly have any right to claim that his wife's money should be applied to the payment of his debt, in the teeth of a law prohibiting that such funds be applied to such a purpose.

The district judge has correctly decided this case in favor of plaintiff for the sum of $212.13 claimed by her, with legal interest, as therein decreed.

Judgment affirmed.